IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GEORGE BRINT and ADVANCED DECOY RESEARCH, INC., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | NO.   05-1195 B/An |
| RANDALL ROBINSON, ) ) | |
| Defendant. ) | |

**ORDER GRANTING PLAINTIFFS' MOTION TO ALLOW
JURISDICTIONAL DISCOVERY**

Before the Court is Plaintiffs' Motion to Allow Jurisdictional Discovery filed on October 24, 2005. United States District Judge J. Daniel Breen referred the matter to the United States Magistrate Judge for determination and a hearing was held on November 14, 2005. For the following reasons, the Motion is **GRANTED** in part.

## BACKGROUND

Plaintiff George Brint is the president of Plaintiff Advanced Decoy Research, Inc. (collectively "Plaintiffs"), a Tennessee corporation engaged in the design, development, manufacture, and sale of animal decoys and other hunting equipment, supplies, and accessories. Before this suit commenced, Defendant contacted Plaintiffs regarding one of their decoy products and alleged that this product infringed on his patent. In light of Defendant's continued allegations of patent infringement and request for royalties, Plaintiffs filed a Complaint for Declaratory Judgment of Non-Infringement. In response, Defendant filed a Motion to Dismiss

1

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 11/23/05

for Lack of Personal Jurisdiction. Plaintiffs have filed the present Motion seeking permission to conduct discovery for the limited purpose of establishing personal jurisdiction over the Defendant.

In his Motion to Dismiss, the Defendant contends that he does not have sufficient minimum contact with the state of Tennessee so as to confer personal jurisdiction on the Court. Plaintiffs counter this argument by alleging that Defendant has entered into a licensing agreement with at least one of Plaintiffs' competitors in Tennessee, Brian Robinson ("Robinson"), thus Defendant now has minimum contacts with Tennessee such that he may be subject to personal jurisdiction. Specifically, Plaintiffs seek to depose Robinson and the Defendant concerning the existence of any licensing agreement between them to establish that this Court may exercise personal jurisdiction over the Defendant. In their Supplemental Memorandum, Plaintiffs submitted copies of electronic mail communications between Robinson and Defendant's counsel that they believe establish business dealings between Defendant and Robinson and, at the November hearing, Plaintiffs' counsel stated that he had received information confirming that Robinson and Defendant had entered into a licensing agreement.

The Defendant, on the other hand, states that discussions between himself and Robinson regarding Plaintiff's patent took place, but that no agreement was entered into by them. He opposes any such discovery.

## ANALYSIS

"A district court faced with a motion to dismiss for lack of personal jurisdiction over the defendant may permit the plaintiff further discovery to investigate jurisdictional facts. *Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991) (citing *Serras v. First Tennessee*

2

*Bank Nat. Ass'n.*, 875 F.2d 1212, 1214 (6th Cir. 1989)). The scope of this discovery "is a matter committed to the district court's sound discretion" and is subject to reversal only when the court has abused that discretion. *Id.*

In this matter, the Plaintiffs have alleged facts concerning an infringement letter and licensing agreement that, if true, may provide the Court with personal jurisdiction over the Defendant. See *Inamed Corp. v. Kuzmak*, 249 F.3d 1356 (Fed. Cir. 2000); *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 213 F.3d 1455 (Fed. Cir. 1997); *Akro v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995). They have submitted to the Court copies of electronic correspondence between Defendant's counsel and Robinson that clearly indicate such a licensing agreement was being contemplated by the Defendant and Robinson. Defendant's affidavit, however, directly contradicts Plaintiffs' assertion that the agreement was actually entered into and Defendant's counsel stated that he was surprised by Plaintiffs' allegations at the November 14 hearing.

If the Defendant has entered into a licensing agreement with a resident of Tennessee, such a business dealing and contract may be a factor in determining whether the exercise of personal jurisdiction over the Defendant would be proper. Therefore, because of the direct conflict between Plaintiffs' assertions and Defendant's position concerning the existence of a licensing agreement, the Plaintiffs shall be allowed to depose Robinson for the limited purpose of discerning the extent of contact between Robinson and the Defendant.

## CONCLUSION

For the above reasons, Plaintiffs' Motion is **GRANTED** in part. They will have seventy-five (75) days to conduct Robinson's deposition. The Court will reserve a ruling on whether the Plaintiffs will be allowed to depose the Defendant and/or submit written discovery to him until

3

after the Plaintiffs have deposed Robinson. After the deposition, the Plaintiffs will have thirty (30) days to submit any additional information that would support their request that they be allowed to conduct discovery of the Defendant. The Court will then decide whether additional discovery should be permitted.

**IT IS SO ORDERED.**

*S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: November 22, 2005

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 23 in case 1:05-CV-01195 was distributed by fax, mail, or direct printing on November 23, 2005 to the parties listed.

---

Charles H. Barnett
SPRAGINS BARNETT COBB & BUTLER
P.O. Box 2004
Jackson, TN 38302--200

Timothy G. Wehner
RAINEY KIZER BUTLER REVIERE & BELL
105 S. Highland Ave.
Jackson, TN 38301--114

Mary Margaret Petrinjak
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Susan B. Meyer
GORDON & REES LLP
101 West Broadway
Ste. 1600
San Diego, CA 92101

John L. Haller
GORDON & REES LLP
101 W. Broadway
Ste. 1600
San Diego, CA 92101

Honorable J. Breen
US DISTRICT COURT